**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN R. SANFORD, | No. 11-16427 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00447-RS |
| v. | |
| LANDMARK PROTECTION, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Carolyn R. Sanford appeals pro se from the district court's summary

judgment in her employment action alleging retaliation and discrimination in

violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Americans with Disability Act ("ADA"), as well as state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Sanford's retaliation claim because the court correctly concluded that Sanford's signing of a blank form did not constitute an adverse employment action, and because Sanford failed to raise a genuine dispute of material fact as to whether Landmark Protection's legitimate, non-discriminatory reason for its adverse employment actions, including the delay in Sanford's vacation pay and her discharge, were pretextual. *See Vasquez*, 349 F.3d at 646 (defining "adverse employment action"); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66, 1070 (9th Cir. 2004) (listing elements of a retaliation claim and explaining that circumstantial evidence of pretext must be specific and substantial, and that timing alone is insufficient to establish pretext); *see also Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (discussing retaliatory harassment).

The district court properly granted summary judgment on Sanford's sex discrimination claims because the use of her true name over the radio and sending her to a wrong pick-up location did not constitute adverse employment actions, and because Sanford failed to raise a genuine dispute of material fact as to whether

similarly situated individuals outside of her protected class were treated more favorably, or whether Landmark Protection's legitimate, nondiscriminatory reasons for its adverse employment actions, including the discipline for the incident on April 24, 2009, were pretextual. *See Vasquez*, 349 F.3d at 640-42 & n.5 (applying *McDonnell Douglas* burden-shifting framework to discrimination claim under Title VII, discussing "similarly situated" individuals requirement, and explaining that circumstantial evidence of pretext must be specific and substantial); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125-26 (9th Cir. 2000) (defining "adverse employment action"); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (*McDonnell Douglas* framework applies to state claims of discrimination based on a theory of disparate treatment).

The district court properly granted summary judgment on Sanford's age discrimination claims because Sanford failed to raise a genuine dispute of material fact as to whether Landmark Protection's legitimate, nondiscriminatory reasons for its adverse employment actions, including the discipline for the incident on April 24, 2009 and her discharge, were pretextual. *See Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012) (*McDonnell Douglas* framework applies to ADEA claims on summary judgment); *Guz*, 8 P.3d at 1113.

The district court properly granted summary judgment on Sanford's

11-16427

disability discrimination claims because Sanford failed to raise a genuine dispute of material fact as to whether Landmark Protection discriminated against her because of her alleged disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (elements of prima facie case of disability discrimination under the ADA); *Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 745 (Ct. App. 2007) (same elements under California's Fair Employment and Housing Act).

The district court properly granted summary judgment on Sanford's intentional infliction of emotional distress claim because it correctly concluded that the alleged conduct was not "extreme and outrageous." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (citation and internal quotation marks omitted).

The district court properly granted summary judgment on Sanford's deceit claim because Sanford failed to raise a genuine dispute of material fact as to whether Landmark Protction made false statements. *See* Cal. Civ. Code § 1710 (defining "deceit"); *Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996) (elements of fraud); *Manderville v. PCG & S Grp., Inc.*, 55 Cal. Rptr. 3d 59, 68 (Ct. App. 2007) (elements of intentional misrepresentation).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**